AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Marcelle Guimaraes<br>Carlos Otavio Guimaraes<br>Jemima Guimaraes<br><br>*Defendant(s)* | Case No. **H17-0378M** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 4, 2013__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 USC, Section 1204 | International Parental Kidnapping |
| Title 18 USC, Section 371 | Conspiracy |

This criminal complaint is based on these facts:

See attached affidavit.

☐ Continued on the attached sheet.

_____
Complainant's signature

Christopher Petrowski, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 23, 2017

_____
Judge's signature

City and state: Houston, Texas

Stephen Wm. Smith, US Magistrate Judge
*Printed name and title*

## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Christopher Petrowski, being duly sworn, do hereby depose and state:

I am a Special Agent of the Federal Bureau of Investigation (FBI), duly appointed according to law and acting as such. I have been a Special Agent with the FBI for twenty one (21) years, and I am currently assigned to the FBI, Houston Division's Violent Crime Task Force (VCTF). The VCTF is a joint FBI and Houston Police Department Task Force responsible for the investigation of among other violent crimes, kidnapping, bank robbery, extortion, serial murder, and Unlawful Flight to Avoid Prosecution.

Since this Affidavit is made for the purpose of supporting a Criminal Complaint, I have not set forth each and every fact learned during the course of this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the crimes charged. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part only.

Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 1204 and 371. Title 18 United States Code, Section 1204 states:

Whoever—

(a) removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with the intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years or both.

Title 18 United States Code, Section 371 states:

If two or more persons-

conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

## PROBABLE CAUSE

1. On February 14, 2008, Dr. Christopher Scott Brann, an American citizen and Marcelle da Rocha Guimaraes, a dual Brazilian-American citizen were married in Harris County, Texas. On September 14, 2009, Marcelle Guimaraes gave birth to a son in Harris County, Nicolas Brann, with Christopher Brann being the father of Nicolas Brann. On or about September 21, 2012, Marcelle Guimaraes filed a petition for divorce from Christopher Brann in Harris County, Texas. This original petition requested Guimaraes and Brann be temporarily restrained immediately from, amongst other things, withdrawing the child from enrollment in the school or day-care facility where Nicolas is presently enrolled and hiding or secreting Nicolas from the other party.

2. On or about October 18, 2012, Guimaraes and Brann signed a binding Rule 11 Agreement regarding international travel in the Harris County 308th Judicial District Court. The agreement allowed Guimaraes to transport Nicolas Brann to the Country of Brazil on October 19, 2012 and return him to Harris County no later than November 20, 2012. From October 19, 2012 through November 20, 2012, Guimaraes transported

Nicolas to Brazil and safely returned him to Harris County, Texas, in accordance with the agreement.

3. On January 18, 2013, Christopher Brann and Marcelle Guimaraes signed an agreed temporary order in the Harris County 308th District Court. The Court found that all necessary prerequisites of the law had been legally satisfied and that the Court has jurisdiction of the case and of all parties. Christopher Brann and Marcelle Guimaraes were appointed temporary joint managing conservators of their son, Nicolas Brann.

4. On or about May 21, 2013, Guimaraes and Brann signed another binding Rule 11 Agreement regarding international travel in the Harris County 308th Judicial District Court. The agreement allowed Guimaraes to transport Nicolas Brann to the Country of Brazil on July 2, 2013, and return to Harris County, Texas no later than July 20, 2013. The purpose of the travel was to attend the wedding of Guimaraes' brother, Roberto Guimaraes to Tarita Machado Teixeira on July 6, 2013. United States Customs and Border Protection records indicate Guimaraes and Nicolas did in fact depart for Brazil on or about July 1, 2013 and Nicolas has not returned to the United States as of March 13, 2017.

5. On July 27, 2013, Brann learned that Marcelle was too sick to travel and was undergoing tests. On July 29, 2013, Carlos Guimaraes advised Brann through email that Marcelle was awaiting results of medical tests before facilitating travel for Nicolas. On July 31, 2013, Christopher Brann received an email from Carlos Guimaraes stating Nicolas would be returning to the United States on Sunday August 4, 2013 with flight reservation code LVFPZG. On or about August 4, 2013, Richard L. Ramos, attorney for Marcelle Guimaraes, notified the attorney representing Brann, that Carlos Guimaraes had

communicated to him, that Marcelle and Nicolas would establish permanent residence in Brazil.

6. In September 2013, Brann filed an application under the Hague Convention with the United States State Department, and on October 1, 2013, Brann's attorney filed for Nicolas' return under the Hague Convention with the 12th Federal Court of the 1st Region of Brazil.

7. It has since been discovered through documents filed in a Brazil State Court that Marcelle Guimaraes had premeditated Nicolas Brann's abduction. On April 8, 2013, Guimaraes enrolled Nicolas in the 2013-2014 school term at her mother's, Jemima Guimaraes, school, *Escola Nova Nossa Infancia*, in Brazil. On May 13, 2013, Guimaraes was offered a position as the Director for Administration and Finance at the school beginning July 1, 2013. Jemima Guimaraes and Sandra Diniz Goncalves (the school's General Director and Marcelle's aunt) signed the letter enrolling Nicolas in school and Sandra Diniz Goncalves signed the notarized job offer.

8. Just six days after arriving in Brazil, on July 10, 2013, Marcelle Guimaraes filed for sole custody of Nicolas in Brazil, which included numerous exhibits. On July 22, 2013, a Brazilian State Judge issued an *ex parte* order giving temporary sole custody of Nicolas to Marcelle Guimaraes. Brann was never given notice to appear for this hearing or given the opportunity to submit evidence.

9. On July 23, 2013, the day after Marcelle Guimaraes was awarded sole custody of Nicolas by a Brazilian Court, Carlos Guimaraes had his assistant at his workplace rebook the tickets and Carlos Guimaraes then forwarded the itinerary from his work account to Brann. Marcelle claimed to be ill on July 27, 2013 and said she was unable to return

home.  On July 31, 2013, Carlos Guimaraes sent an email to Brann to continue the deception, claiming, "Nico is returning Sunday the 4th the reservation tag is LVFPZG." United States Customs and Border Protection records indicate Nicolas Bran had reservations to return to the United States on July 21, 2013, July 28, 2013 and August 5, 2013 but did NOT board.  In an opinion by Judge Arali Duarte of the Brazilian Federal Court, Judge Duarte concluded:

"[i]t's important to emphasize that the conduct of her father was to support his daughter in the illicit transference of the minor...he himself bought and altered the air tickets, in order to create an illusion that she would be back to the USA."

10. On September 22, 2013, Marcelle Guimaraes sent the following statement to Brann in an email:

"I want to continue living in Brazil, where I have better conditions to raise our son and I am willing to talk about visitation...Again, my wish is that we can get into an agreement soon, so we can all move on with our lives.  You are Nico's father and therefore for Nico's sake I do not wish to escalate this issue between us.  We have talked several times and agreed that here is a great place for Nico.  We have the family school, which is recognized here as one of the best schools for his age.  In addition, here I have the unique ability to be with Nico and give him all the attention on a daily basis without having to leave him in a day care or nanny's care during the work day.  I think it is now at the point we have to think about Nico's best interest."

11. On February 19, 2015, the Texas Court of Harris County found Marcelle Guimaraes liable for wrongfully retaining possession of and concealing the whereabouts of Nicolas Scott Brann contrary to the possessory rights of Christopher Scott Brann and that such conduct was done with malice and intent to cause harm. It further ordered that the primary residence of Nicolas Brann shall be Harris County, Texas.

Based on all the forgoing information and facts, I believe there is probable cause to believe Marcelle Guimaraes, Carlos Guimaraes and Jemima Guimaraes

- removed a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with the intent to obstruct the lawful exercise of parental rights in violation of Title 18 United States Code 1204 and,

I believe there is probable cause to believe, Marcelle Guimaraes, Carlos Guimaraes and Jemima Guimares

- conspired either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do act to effect the object of the conspiracy in violation of Title 18 United States Code, Section 371.

Christopher Petrowski
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this __23__ day of March, 2017.

Stephen Wm. Smith
United States Magistrate Judge